# SUMMONS - CIVIL

JD-CV-1 Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 300 GRAND STREET, WATERBURY, CT 06702 | (203) 591-3300 | JULY 28, 2015 |

| ☒ Judicial District / ☐ Housing Session | G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) WATERBURY | Case type code (See list on page 2) Major: C   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| EDDI Z. ZYKO, ESQUIRE, 120 FENN ROAD, MIDDLEBURY, CT 06762-2515 | 071655 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (203) 758-8119 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) eddizyko@me.com |
|---|---|---|

Number of Plaintiffs: 2 | Number of Defendants: 2 | ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Steven Auto LLC, 471 Watertown Ave, Waterbury, Connecticut 06708 Address: | P-01 |
| Additional Plaintiff | Name: Beqiri, Shaqir, 41 Stonefield Drive, Apartment 5, Waterbury, Connecticut 06705 Address: | P-02 |
| First Defendant | Name: NEXTGEAR CAPITAL, INC, Home Office located at 6205 Peachtree Dunwoody Road, (mail address Address: includes "Mail Stop CP-12," here), Atlanta, GA, 30328 and Offices located at 1320 | D-01 |
| Additional Defendant | Name: City Center Drive, Suite 100, Carmel, Indiana 46032 and Agent For Service: CORPORATION SERVICE Address: COMPANY, 50 WESTON STREET, HARTFORD, CT, 06120-1537 | D-02 |
| Additional Defendant | Name: Address: | D-03 |
| Additional Defendant | Name: Wilkinson, Dustin E., Individually and as NEXTGEAR's senior management official in the State of Address: Connecticut,130 Vernon Avenue, Apartment 1F, Vernon Rockville, CT 06066 | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) Eddi J. Zyko | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left EDDI Z. ZYKO, ESQUIRE | Date signed 06/07/2015 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date 06/07/2015 |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
**DRITA BUSHA, 115 TUCKER HILL ROAD, MIDDLEBURY, CT 06762**

| Signed (Official taking recognizance; "X" proper box) Eddi J. Zyko | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 06/07/2015 | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 10 | Construction - State and Local |  | T 03 | Defective Premises - Private - Other |
|  | C 20 | Insurance Policy |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | C 30 | Specific Performance |  | T 12 | Defective Premises - Public - Other |
|  | C 40 | Collections |  | T 20 | Products Liability - Other than Vehicular |
|  | C 90 | All other |  | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 29 | Malpractice - Legal |
|  | E 10 | Redevelopment Condemnation |  | T 30 | Malpractice - All other |
|  | E 20 | Other State or Municipal Agencies |  | T 40 | Assault and Battery |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 50 | Defamation |
|  | E 90 | All other |  | T 61 | Animals - Dog |
|  |  |  |  | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction |  | T 70 | False Arrest |
|  | M 10 | Receivership |  | T 71 | Fire Damage |
|  | M 20 | Mandamus |  | T 90 | All other |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 40 | Arbitration |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 50 | Declaratory Judgment |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 63 | Bar Discipline |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 09 | Motor Vehicle* - All other |
|  |  |  |  | V 10 | Boats |
|  | M 68 | Bar Discipline - Inactive Status |  | V 20 | Airplanes |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 30 | Railroads |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  | V 40 | Snowmobiles |
|  |  |  |  | V 90 | All other |
|  | M 82 | Housing Civil Matters |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 83 | Small Claims Transfer to Regular Docket |  |  |  |
|  | M 84 | Foreign Protective Order |  |  |  |
|  | M 90 | All other |  |  |  |
| Property | P 00 | Foreclosure |  |  |  |
|  | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |  | W 90 | All other |
|  | P 30 | Asset Forfeiture |  |  |  |
|  | P 90 | All other |  |  |  |

JD-CV-1 Rev. 9-14 (Back/Page 2)

| | |
|---|---|
| RETURN DATE: JULY 28, 2015 ) | SUPERIOR COURT |
| ) | |
| STEVEN AUTO LLC. and SHAQIR BEQIRI, ) | JUDICIAL DISTRICT |
| Plaintiffs ) | |
| ) | OF WATERBURY |
| VS. ) | |
| ) | |
| NEXTGEAR CAPITAL, INC. and DUSTIN E ) | |
| WILKINSON, INDIVIDUALLY AND AS ) | |
| NEXTGEAR'S SENIOR MANAGEMENT ) | |
| OFFICIAL IN THE STATE OF CONNECTICUT, ) | |
| Defendants. ) | JUNE 7, 2015 |

## COMPLAINT

## COUNT 1: BREACH OF CONTRACT

1. At all times mentioned herein:

a. The defendant, NEXTGEAR CAPITAL, INC, (NEXTGEAR), was, and is, a corporation with its Home Office located at 6205 Peachtree Dunwoody Road, (mail address includes "Mail Stop CP-12," here), Atlanta, GA, 30328 and Offices located at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032. NEXTGEAR is in the business of, inter alia, providing "Floor Plan Advances" to auto dealerships and is a corporation duly licensed to transact insurance business in the State of Connecticut.

b. The defendant, Dustin E Wilkinson, Individually and as NEXTGEAR's senior management official in the State of Connecticut, resides at 130 Vernon Avenue, Apartment 1F, Vernon Rockville, CT 06066 (Wilkinson).

1

2. At all times mentioned herein, the plaintiff, Steven Auto LLC with its lot located at 471 Watertown Ave, Waterbury, Connecticut 06708 (Steven), was in the duly licensed by the State of Connecticut used auto sales and maintenance business in Waterbury, Connecticut with but its sole proprietor, the plaintiff, Shaqir Beqiri of 41 Stonefield Drive, Apartment 5, Waterbury, Connecticut 06705 (Beqiri), as its sole employee and had a contract for "Floor Plan Advances" with NEXTGEAR.

3. On July 17th, 2013 at approximately 12:50 P.M., Beqiri was at his said car dealership when Wilkinson, stating he was from the defendant, NEXTGEAR, arrived threatening to take all the cars off his said lot. Beqiri tried to explain to Wilkinson that Steven was up to date with its payments to NEXTGEAR and showed him the three most recent wire transfer receipts dated 7/3/2013, 7/9/2013 and 7/15/2013 that he made to NEXTGEAR. Wilkinson then stated that "I don't want to see paper work I just want the cars back". Beqiri told him "No, I am not in violation of our contract". At this point three tow trucks arrived and Wilkinson told them to start to load the cars. As the tow truck drivers approached, Beqiri asked their drivers for paper work showing that they had the right to take the vehicles, and they started pushing Beqiri and they said "just leave us so we can do our job and tow these cars". Beqiri then asked again "do you have any paper work" and they shoved him very hard and said "get out of here. we are going to get these cars". Wilkinson added " let these guys do their job" and Wilkinson grabbed Beqiri shirt, holding him and said "these cars are not yours anymore". At this point, Beqiri turned to his office and told them all "I am going to call the police". Wilkinson followed Beqiri and said "no, no don't call the police". Beqiri went ahead and called the Waterbury, Connecticut Police Department (WPD) at approximately 1:00 P.M. At this point,

Wilkinson heard Beqiri's conversation with the WPD and he shouted to his tow truck drivers "he called the police, leave, leave now". The drivers got in their trucks and started leaving. Meanwhile, Wilkinson was trying to leave as well. So, Beqiri told him "you can't leave now the police are coming". Wilkinson started to run off Steven's said lot to go to his car and to drive away. The police intercepted him and he was forced to come back to Steven's said lot by the police. The WPD police report attached hereto as Exhibit A and made part hereof contains further details. Before the police left Stevens' said lot they told Wilkinson "to get a court order for the repossession of the vehicles". Everyone left and Beqiri followed up by calling NEXTGEAR later that afternoon and the person he spoke with at its corporate office told him that "Wilkinson wasn't supposed to be doing that" and "told Beqiri that they would "work something out so that you don't have to get an attorney involved". At this point, Beqiri felt comfortable that it was a NEXTGEAR miscommunication, which was resolved and that this ordeal was over. But, on July 19th, 2013 at 8:00 A.M., when Beqiri arrived at Steven's said lot all its cars were gone taken by Wilkinson and/or another representative of NEXTGEAR. At this point, Beqiri called his attorney and was forced to close the Steven shop down.

4. The defendants violated said Contract between NEXTGEAR and Steven causing the said harm to the plaintiffs as aforesaid.

5. As a result of the defendant's breach of contract, the plaintiffs are entitled to recover actual damages for the loss of its said vehicles taken, the Steven's business losses and harm visited upon Beqiri personally as well as consequential

compensatory damages from the defendant, including attorney fees and costs, in an amount to be determined at trial.

### COUNT II: DEFENDANTS' VIOLATION OF THE CONTRACT'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1-5.   Plaintiffs adopt and incorporate by reference Count 1 Paragraphs 1-5 as set forth in full.

6. Under the law of Connecticut, the defendant owed and continues to owe a duty of good faith and fair dealing in the administration and performance of its icontracts in Connecticut.

7. Because of the unique character of the relationship between a "Floor Plan Advance" company and a small used car dealer, the defendant's obligations of good faith and fair dealing encompass all of the qualities inherent in the responsibilities of a fiduciary.

8. The defendant and its employees know that the relationship of NEXTGEAR to its insureds is inherently unbalanced and that its great financial wealth and experience places it in a superior bargaining position to those with whom it does business, including Steven and Beqiri.

9. In this case, the defendants owed Steven and Beqiri certain non-delegable duties with respect to the conduct of their business dealings, including, but not limited to, the following well-established duties of good faith and fair dealing.

4

10. At all times alleged herein, the defendants knew that they owed these duties of good faith to Steven and Beqiri.

11. The NEXTGEAR, through its agents and employees, violated these duties of good faith to Steven and Beqiri.

12. The defendants' conduct toward Steven and Beqiri was frivolous, unfounded, and motivated by its desire and plan to place its own interests ahead of        them.

13. As a direct and proximate result of the violations of the covenants of good faith and fair dealing occasioned by defendants, Steven and Beqiri suffered damages in amounts to be proved at trial.

14. The wrongful acts of the defendants in violating the covenants of good faith and fair dealing were knowing, willful, intentional, malicious or reckless, and as such constitute bad faith, and entitle plaintiffs to an award of compensatory and punitive damages in amounts sufficient to compensate plaintiffs and punish the defendant and deter similar conduct in the future.

15. The plaintiff has had to obtain the services of an attorney to pursue this matter and, as such, it is entitled to an award of attorney fees and reasonable costs associated therewith.

### COUNT III: MISREPRESENTATION BY BOTH DEFENDANTS

## AGAINST STEVEN AND BEQIRI

1-15. Paragraphs 1-15 of COUNT II are incorporated here as if printed, respectively, as paragraphs 1-15.

12. The defendants had the duty to the plaintiff to communicate accurately and fairly to the plaintiff.

13. The defendants failed to exercise reasonable care or competence in obtaining or communicating the aforesaid information to the plaintiff, which the plaintiff relied upon to its detriment.

14. The defendants aforesaid breach of their duty to the plaintiff proximately caused the plaintiff's damages, which included said pecuniary losses.

## COUNT IV: STATUTORY THEFT, VIOLATION OF CONN. GEN. STAT. SECTION 52-564, BY BOTH DEFENDANTS AGAINST STEVEN AND BEQIRI

1-15. Paragraphs 1-15 of COUNT II are incorporated here as if printed, respectively, as paragraphs 1-15.

12. The defendants violated Conn. Gen. Stat. Section 52-564, Statutory Theft, to the harm of the plaintiffs.

13. The defendants aforesaid breach of their duty to the plaintiff proximately caused the plaintiff's damages, which included said pecuniary losses, and are entitled to treble damages therefore.

## COUNT V: CONVERSION BY BOTH DEFENDANTS AGAINST STEVEN AND BEQIRI

1-15. Paragraphs 1-15 of COUNT II are incorporated here as if printed, respectively, as paragraphs 1-15.

12. The defendants said actions were the unauthorized assumption and exercise of the right of ownership over goods belonging to Sten and Beqiri, to the exclusion of their rights therein.

13. The defendants aforesaid conversion proximately caused the plaintiff's damages, which included said pecuniary losses, and are entitled to treble damages therefore.

## COUNT V: BATTERY BY BOTH DEFENDANTS AGAINST BEQIRI

1-15. Paragraphs 1-15 of COUNT II are incorporated here as if printed, respectively, as paragraphs 1-15.

16. The defendants acts:

    a. Intended to cause a harmful or offensive contact with Beqiri's person or an imminent apprehension of such a contact, and

b. A harmful contact with Beqiri's person directly or indirectly resulted.

17. As a result of thereof, the defendants proximately caused Beqiri to suffer damages as follows:

    a. Shock.

    b. Fright.

    c. Pain, headaches and nausea.

    d. Emotional distress.

    e. Loss of the enjoyment of life.

    f. Deprivation of his right to freedom.

**WHEREFORE**, the plaintiffs, respectfully, requests that this Honorable Court:

1. Award to plaintiff the actual present and future damages suffered by them.

2. Award to plaintiffs punitive damages, costs of the suit and attorney fees.

3. Award to plaintiff prejudgment and post-judgment interest as may be applicable.

4. Grant such other and further relief as this Court deems just, proper, or equitable under the circumstances.

THE PLAINTIFFS,

BY /s/ 071655
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762
CT. JURIS NO: 071655
FEDERAL BAR NO. CT-14172
TEL NO:    203-758-8119
FAX NO:    203-598-7994
E-MAIL:    eddizyko@me.com

| | |
|---|---|
| RETURN DATE: JULY 28, 2015 ) | SUPERIOR COURT |
| ) | |
| STEVEN AUTO LLC. and SHAQIR BEQIRI, ) | JUDICIAL DISTRICT |
| Plaintiffs ) | |
| ) | OF WATERBURY |
| vs. ) | |
| ) | |
| NEXTGEAR CAPITAL, INC. and DUSTIN E ) | |
| WILKINSON, INDIVIDUALLY AND AS ) | |
| NEXTGEAR'S SENIOR MANAGEMENT ) | |
| OFFICIAL INTHE STATE OF CONNECTICUT, ) | |
| Defendants. ) | JUNE 7, 2015 |

## AMOUNT IN DEMAND

The amount, legal interest or property in demand is $15,000.00 or more, exclusive of interest and costs.

THE PLAINTIFFS,

BY /s/ 071655
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT 06762-2515
CT. JURIS N. 071655
FEDERAL BAR NO. CT-14172
TEL NO: 203-758-8119
FAX NO: 203-598-7994
E-mail:   eddizyko@me.com

9

 

# WATERBURY POLICE DEPARTMENT
## CASE REPORT

**Report #** 2013-00040434

| REPORTED (Date and time) | FROM (Date and time) | TO (Date and time) | Supplemental? |
|---|---|---|---|
| 7/17/2013  13:04 | 07/17/2013  13:04 | 07/17/2013  13:04 | |

| Clearance Code | STATUS DATE |
|---|---|
| Closed | 07/17/2013 |

**NIBRS Incident Type:** BOP Disorderly Conduct

| Counts | Offense Code | | Attempted | Domestic? |
|---|---|---|---|---|

### Incident Location

| Street Address | Apt # | Floor | Suffix | Occupancy |
|---|---|---|---|---|
| 471 WATERTOWN Ave | | | | |

| City | State | Zip | Country |
|---|---|---|---|
| Waterbury | CT | 06708 | United States |

| Common Name | Address Type |
|---|---|
| Steven Auto LLC | |

### Involved Persons

#### Complainant

| Name (Last, Suffix, Title, First, Middle) | DOB | Sex | Race |
|---|---|---|---|
| Beqiri, Shaqir | 5/17/1968 | Male | White |

| Street Address | Apt # | PHONE NUMBER AND TYPE |
|---|---|---|
| 471, Watertown, Ave | | (203)768-2456 |

| City | State | Zip | Ethnicity |
|---|---|---|---|
| Waterbury | CT | 06704- | NonHispanic |

#### Informational

| Name (Last, Suffix, Title, First, Middle) | DOB | Sex | Race |
|---|---|---|---|
| Wilkinson, Dustin | 12/10/1976 | Male | White |

| Street Address | Apt # | PHONE NUMBER AND TYPE |
|---|---|---|
| 1031, Hartford, Pkwy | | (860)268-8122 |

| City | State | Zip | Ethnicity |
|---|---|---|---|
| Vernon | CT | 06066- | NonHispanic |

### Signature

| Investigating Officer | ID Number | Unit | Approved By |
|---|---|---|---|
| OToole  Brian | 704 | A4A | Sheehan, David |

Investigating Officer Signature: *Brian F OToole 704*

Supervisor Signature: *4507*

Subscribed and sworn to before me  Sheehan, David  on  7/17/2013

Printed  Page 1 of 2

Waterbury Police Dept.

2013-00040434

### Narrative

On 7/17/13 at 1310hrs., I was dispatched to Steven Auto LLC located at 471 Watertown Ave for a report of a verbal dispute. Upon arrival, I spoke to the complainant, Shaqir Beqiri (5/17/68).

Beqiri, who is the owner of Steven Auto LLC, stated Dustin Wilkinson of Netgear Capital arrived at his business with 3 tow trucks in an attempt to repossess the inventory of vehicles in his lot. Beqiri stated he is "up to date on payments" to his finance companies regarding his business and said he has been bothered by Wilkinson in the past for non payment. Beqiri stated he went in his office and immediately notified the Police.

I spoke to Wilkinson who stated Beqiri is late on his payments and owes his company $33,000. Wilkinson stated his company holds all the titles to every vehicle in his lot and has a lean on his business. Wilkinson said when he told Beqiri he was repossessing the vehicles for non payment, Beqiri became angry and yelled at him, then called the Police.

Both parties who were interviewed separately stated no physical violence or threats of physical violence occurred as a result and I found no evidence to believe otherwise.

I told both parties that this incident is a civil matter to be handled by the court. I told Wilkinson if he can produce a court order for the repossession of the vehicles to contact the Police Department for an escort during the repossession. I told both parties a report of this incident will be made and filed with the police Department.

### Signature

| Investigating Officer | ID Number | Unit | Approved By |
|---|---|---|---|
| OToole Brian | 704 | A4A | Sheehan, David |

Investigating Officer Signature: *[signed]* 704

Supervisor Signature: *[signed]* 4507

Subscribed and sworn to before me: Sheehan, David  on  7/17/2013

Printed                                                    Page of 2