UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (New Haven)

STEVEN AUTO LLC, and
SHAQIR BEQIRI

       Plaintiffs,

v.                                        CIVIL ACTION NO.: 3:15-cv-01190-SRU

NEXTGEAR CAPITAL, INC., and
DUSTIN E WILKINSON,

       Defendants.

## PLAINTIFF'S MOTION TO REMAND

PLEASE TAKE NOTICE that, plaintiff will move this Court, at a time designated by the Honorable Stefan R. Underhill, Senior District Judge of the United States District Court for the District of Connecticut, for an order remanding this case to the Superior Court of Connecticut upon the grounds that this Court lacks subject matter jurisdiction.

The motion will be based upon the complaint filed in the Superior Court, the Petition for Removal, and the accompanying memorandum of law.

Dated: August 10, 2015

                                                                       Yours, etc.,

                                                                       Eddi Z. Zyko, Esq.

                                                                       /s/ Eddi Z. Zyko
                                                                       Attorney for Plaintiff
                                                                       Fed. Bar No. CT-14172
                                                                       120 Fern Road
                                                                       Middlebury CT 06762
                                                                       Tel No. 203-758-8119
                                                                       Fax No. 203-598-7994
                                                                       E-mail: eddizyko@me.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (New Haven)

STEVEN AUTO LLC, and
SHAQIR BEQIRI

       Plaintiffs,
v.                             CIVIL ACTION NO.: 3:15-cv-01190-SRU

NEXTGEAR CAPITAL, INC., and
DUSTIN E WILKINSON,

       Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Eddi Z. Zyko, Esq.
Attorney for Plaintiff
Fed. Bar No. CT-14172
120 Fern Road
Middlebury CT 06762
Tel No. 203-758-8119
Fax No. 203-598-7994
E-mail: eddizyko@me.com

**Preliminary Statement**

Plaintiff commenced this action in the Superior Court for the State of Connecticut against defendant insurance carrier. The complaint contains five causes of action: (1) Breach of Contract; (2) Breach of the Contract's Implied Covenant of Good Faith and Fair Dealing; (3) Misrepresentation; (4) Statutory Theft; and (5) Battery. The complaint does not set forth any specific dollar claim for damages, as specific dollar amounts are not set forth in Connecticut civil complaints. See Conn. Gen. Stat. § 52-91; Practice Book § 10-20; *McLoughlin v. People's United Bank, Inc.*, 586 F.Supp.2d 70, 72-73 (D. Conn. 2008) (. . . [T]he Connecticut Rules of Practice do not require a specific demand, but rather only a statement that the amount in controversy is sufficient to confer jurisdiction. . . ."),

In the petition for removal, defendants state that the parties are of diverse citizenship. As to the jurisdictional monetary threshold, the petition simply states that more than $75,000 is in controversy. There are no facts set forth to support such an allegation.

**Discussion**

Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim. Defendants removed the action on the grounds of diversity of citizenship, as 28 U.S.C. § 1332(a) provides, among other things, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States...."

In diversity cases, where the amount in controversy is in doubt, the Supreme Court has

drawn a sharp distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal.... A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938).

Accordingly, "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal citation omitted); see *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2nd Cir., 2013) (quoting *Lupo*).

Defendant, as the removing party, bears "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (internal citation omitted). See also *California Pub. Emps.' Ret. Sys. v.WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citing *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994)); *Speranza v. Leonard*, 925 F.Supp.2d 266, 270 (D. Conn. 2013) (same). "To determine whether that burden has been met, [the Court must] look first to the plaintiffs' complaint and then to [the] petition for removal." *Mehlenbacher*, at 296. (internal citation omitted).

"When the complaint fails to allege a specific damages amount, and facts relating to the jurisdictional amount are challenged by the plaintiff, the defendant must establish the requisite amount in 'controversy with "competent proof"and "justify [its] allegations by a preponderance of evidence."'" *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250

(S.D.N.Y. 2013) (quoting *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (alteration in original) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936))). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); see *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (same), overruled on other grounds, *H & D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 329-330 (5th Cir.2000).

Applying these principles, this Court in *Fallstrom v. L.K. Comstock & Co., Inc.*, No. 3:99cv952 (AHN), 1999 WL 608835, at *2 (D. Conn. July 13, 1999) granted a motion to remand where defendant offered no "credible argument, rationale or evidence of any kind to support its assertion that the actual amount in controversy exceeds $75,000," despite Connecticut law requiring that the complaint state only that the amount in controversy exceeds $15,000. The facts here are identical.

In short, defendants have shown nothing to support their allegation that the monetary jurisdictional threshold has been met.

## **Conclusion**

For the reasons stated, the case should be remanded to the state court.

Dated: August 10, 2015

                                                  Respectfully submitted,

                                                  Eddi Z. Zyko, Esq.

                                                  /s/ Eddi Z. Zyko
                                                  Attorney for Plaintiff
                                                  Fed. Bar No. CT-14172
                                                  120 Fern Road
                                                  Middlebury CT 06762
                                                  Tel No. 203-758-8119
                                                  Fax No. 203-598-7994
                                                  E-mail: eddizyko@me.com