UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
(HARTFORD DIVISION)

| | |
|---|---|
| STEVEN AUTO, LLC and<br>SHIQIR BEQIRI,<br>    Plaintiffs<br><br>vs.<br><br>NEXTGEAR CAPITAL, INC. and<br>DUSTIN E. WILKINSON<br>    Defendants | Case No. 3:15-cv-01190-SRU<br><br><br><br>August 11, 2015 |

## STATEMENT PURSUANT TO STANDING ORDER ON REMOVED CASES

The Defendants, NextGear Capital, Inc. ("NextGear") and Dustin E. Wilkinson (Wilkinson) hereby submit this statement in accordance with the Standing Order on Removed Cases.

    1.    On or about June 15, 2015, the Defendant, NextGear, received a copy of the complaint in the state court action. The Defendant, NextGear, provided a copy of the Summons and Complaint to Wilkinson on, or about, June 18, 2015.

    2.    The Complaint and summons were not served upon Wilkinson.[1]

    3.    No Defendant is a citizen of Connecticut, nor were they on or about June 15, 2015.  NextGear is a corporation formed under the laws of the state of Delaware with primary offices in Indiana.  NextGear, as a corporation, does not have partners, general partners, limited partners or members and is not itself a partner, general partner, limited partner or member of a partnership, limited liability partnership or limited

---

[1] The marshal attempted service by leaving a copy of the summons and complaint at an apartment in Vernon/Rockville, Connecticut, but stated he could not locate Wilkinson. In fact, Wilkinson had not lived in Rockville since 2014 and is a resident of the State of Massachusetts.

liability company.   NextGear is a wholly-owned subsidiary of Manheim Investments, Inc., which is a wholly-owned subsidiary of Cox Automotive, Inc., which is a wholly-owned subsidiary of Cox Enterprises, Inc., each Delaware corporations with primary offices in Atlanta, Georgia.

4.     The removal was filed more than thirty (30) days after NextGear first received a copy of the complaint, but still prior to any formal service on Wilkinson and promptly upon the defendants retaining counsel.   With no formal service on Wilkinson but with the return date upon them, NextGear and Wilkinson retained the undersigned to represent them on July 27, 2015.  On July 28, 2015, Wilkinson and NextGear discovered that the marshal had attempted to serve Wilkinson by leaving a copy of the pleadings at his former apartment over six months after he had moved to the State of Massachusetts.  The notice of removal was filed on August 5, 2015 (just eight (8) days after Wilkinson and NextGear retained the undersigned).

5.     There is no defendant who has not joined in the notice of removal.

        **DEFENDATNS**
        **NEXTGEAR, CAPITAL, INC.**
        **and**
        **DUSTIN E. WILKINSON,**

By     /s/ CT01207
      Myles H. Alderman, Jr. of
      HALLORAN & SAGE LLP
      225 Asylum Street
      Hartford, CT 06103
      Fed. Bar #CT01207
      Phone:  860 249-0090
      Fax:     860-548-0006
      Alderman@halloransage.com
      Their Attorney