UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (New Haven)

STEVEN AUTO LLC, and
SHAQIR BEQIRI
    Plaintiffs,
v.                            CIVIL ACTION NO.: 3:15-cv-01190-SRU

NEXTGEAR CAPITAL, INC., and
DUSTIN E WILKINSON,
    Defendants.

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION TO REMAND**

I.  INTRODUCTION

Plaintiff hereby files a Brief in response to the developments that arose in the Court's phone conference of Thursday, August 27, 2015. A copy of the transcript thereof is at the Exhibit hereto filed concomitantly herewith.

II.  DISCUSSION

A.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-554, 190 L. Ed. 2d 495, 2014 U.S. LEXIS 8435 (U.S. 2014) teaches:

> If the plaintiff contests the defendant's allegation (i.e in its Notice of Removal), §1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" [554] the jurisdictional threshold. This provision, added to §1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. As the House Judiciary Committee Report on the JVCA

1

observed:

> "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H. R. Rep. No. 112-10, p. 16 (2011).
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until after the defendant files a notice of removal containing those allegations. Brief for Dart 14.

Review of the Exhibit hereto manifests that here, and in direct contravention of *Dart Cherokee Basin Operating Co., LLC v. Owens*, both sides had not submitted proof after discovery yet the court decided anyway that it should deny plaintiff's Motion to Remand.

    B.  *Dart Cherokee Basin Operating Co., LLC v. Owens* also teaches at Page 553:

When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. See, e.g., *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U. S. 274, 276, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977) ("'[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.'") (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U. S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); alteration in original). Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. Indeed, the Tenth Circuit, although not disturbing prior decisions demanding proof together with the removal notice, recognized that it was anomalous to treat commencing plaintiffs and removing defendants differently with regard to the amount in controversy. See McPhail v. Deere & Co., 529 F. 3d 947, 953 (2008) (requiring proof by defendant but not by plaintiff "bears no evident logical relationship either to the purpose of diversity jurisdiction, or to the principle that those who seek to invoke federal jurisdiction must establish its prerequisites").

Since commencing plaintiffs and removing defendants must be treated the same with

regard to the amount in controversy, the removing defendants must insert in their Notice of Removal their amount-in-controversy allegation in good faith.  Here, the removing defendants can not do so as the following self-explanatory e-mails between the parties', respective, counsel, concerning subject, manifest:

>   a.  On Sep 3, 2015, at 10:32 AM, Eddi Zyko <eddizyko@me.com> wrote:
>
> Myles,
>
> I need to obtain a copy of the transcript of the teleconference that the court held in subject to do a proper brief and, upon receipt thereof, two weeks therefrom to complete and file.  I plan on filing a request tomorrow therefor.  I request your consent to said motion.
>
> Eddi
>
>
> b.  At 10:39 A.M. today Attorney Alderman replied thereto thusly:
>
> No.  I see no reason for delay.  I will not consent so that you may continue your vexatious prosecution.
>
> Myles H. Alderman, Jr.
> Dictated, not read, via Siri
> Sent from my iPhone
> (860) 716-6289

In *Falls Church Group, Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 94-95, 912 A. 2d 1019, 2007 Conn. LEXIS 12 (Conn. 2007) - - the seminal State of Connecticut case on vexatious litigation, which this court must follow — it is stated in pertinent part:

> A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor. *Calvo v. Bartolotta*, 112 Conn. 396, 397, 152 A. 311 [1930]; *Schaefer v. O. K. Tool Co.*, 110 Conn. 528, 148 A. 330 [1930]. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. *Paranto v. Ball*, 132

>Conn. 568, 571, 46 A.2d 6 [1946]; *McGann v. Allen*, 105 Conn. 177, 186, 134 A. 810 [1926]. Malice may be inferred from lack of probable cause. *Zenik v. O'Brien*, 137 Conn. 592, 596-97, 79 A.2d 769 [1951]; *Thompson v. Beacon Valley Rubber Co.*, 56 Conn. 493, 496, 16 A. 554 [1888]. The want of probable cause, however, cannot be inferred from the fact that malice was proven. *McGann v. Allen*, supra, 187." *Vandersluis v. Weil*, 176 Conn. 353, 356, 407 A.2d 982 (1978). A statutory action for vexatious litigation under General Statutes § 52-568; see footnote 1 of this opinion; differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages. In either type of action, however, "[t]he existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts, and whether particular facts, constitute probable cause is always a question of law." *Brodrib v. Doberstein,* 107 Conn. 294, 296, 140 A. 483 (1928). Accordingly, our review is plenary. *State v. Gibson*, 270 Conn. 55, 66, 850 A.2d 1040 (2004).
>
>The test for deciding whether a litigant acted with probable cause also is well settled. For purposes of a vexatious suit action, [t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential  [95]  under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. . . . **Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted."** (emphasis added) (Citations omitted; internal quotation marks omitted.) *DeLaurentis v. New Haven*, 220 Conn. 225, 256, 597 A.2d 807 (1991); accord *Wall v. Toomey*, 52 Conn. 35, 36 (1884).

As aforesaid, opposing counsel has asserted that there are no facts alleged by the plaintiffs that support a valid claim by them.  Simply, defendants assert that the plaintiffs' law suit is groundless and hence of no monetary value.  Defendants can not assert in good faith now that the value of plaintiffs' lawsuit exceeds $75,000.00.

WHEREFORE,

4

1. In the first instance, the case should be remanded to the The State of Connecticut Superior Court for the Judicial District of Waterbury;  or

2. Establish a scheduling order permitting a reasonable period for both sides to do discovery and submit proof thereafter that the amount in controversy requirement required for diversity jurisdiction has, or has not, been met before the court decides whether or not to grant or deny plaintiff's Motion to Remand.

THE PLAINTIFF,

/s/ 071655
EDDI Z. ZYKO, ESQUIRE
120 FENN ROAD
MIDDLEBURY, CT  06762
CT JURIS NO: 71655
FEDERAL BAR NO. CT-14172
TEL NO:   203-758-8119
FAX NO:   203-598-7994
E-MAIL:   eddizyko@me.com

**CERTIFICATION OF SERVICE**

I hereby certify that the foregoing has been delivered electronically to the last known e-mail address of the counsel of record for defendants: Myles H. Alderman, Jr., Esquire, Halloran & Sage  LLP, 225 Asylum Street, Hartford, CT at E-mail: alderman@halloransage.com

/s/ 071655
EDDI Z. ZYKO, ESQUIRE