```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - -x

STEVEN AUTO, LLC, ET AL          :  No. 3:15cv-1190 (SRU)
                                 :  915 Lafayette Boulevard
         vs.                     :  Bridgeport, Connecticut
                                 :
                                 :  August 27, 2015
NEXTGEAR CAPITAL, ET AL          :

- - - - - - - - - - - - - - - - -x


                       TELEPHONE CONFERENCE


B E F O R E:

     THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.


A P P E A R A N C E S:

   FOR THE PLAINTIFF:

         EDDI Z. ZYKO, ESQ.
             120 Fern Road
             Middlebury, Connecticut   067621

   FOR THE DEFENDANT:

          ALDERMAN & ALDERMAN
             CityPlace II
             185 Asylum Street
             Hartford, Connecticut   06103
          BY:  MYLES H. ALDERMAN, ESQ.




                   Susan E. Catucci, RMR
                  Official Court Reporter
                  915 Lafayette Boulevard
                Bridgeport, Connecticut  06604
                    Tel: (917)703-0761
```

1         (Whereupon the following session was held in
2    chambers telephonically.)
3              (4:05 O'CLOCK, P. M.)
4         THE COURT:  Hello.  This is Stefan Underhill.
5    We're on the record, so please let me have appearances.
6         MR. ALDERMAN:  Yes, good afternoon, Your Honor.
7    Myles Alderman, Counsel for Nextgear.
8         MR. ZYKO:  Good afternoon, Your Honor, Attorney
9    Eddi Zyko for the plaintiff.
10        THE COURT:  Okay, great.  If each of you could
11   identify yourselves when you start speaking, that would be
12   helpful.
13        I wanted to have a quick call on the motion to
14   remand because it appears to me that the case easily
15   satisfies the jurisdictional amount in controversy, and
16   I'm happy to explain that but I thought it might save
17   everybody some time and trouble if we took it up quickly.
18        The 75,000-dollars here I think is easily met
19   from the allegations of the complaint, which include the
20   following:  That all the cars were taken off of the lot
21   and for various reasons, there are both treble damages,
22   consequential damages, punitive damages and attorney's
23   fees being sought.
24        Simply put, if treble damages are being sought
25   and the value of the automobile inventory is a total of

1   25,000-dollars or more, right there we have 75.  You know,
2   I don't know about -- what these cars were worth, but a
3   single car these days costs 25,000, and the allegations of
4   the complaint are that all the cars were taken off the
5   lot.
6           So, in short, it appears to me that the
7   allegations of the complaint are, very easily satisfy the
8   75,000-dollars, and I just wanted to raise that and see if
9   anybody wanted to be heard on that question.
10          MR. ZYKO:  Yes, Your Honor, but I prefer to be
11  heard after I have researched it.  I think that that is an
12  incorrect approach but I'd rather do it in writing after
13  I've had an opportunity to review the law, and that's what
14  I would prefer to do, and I would respectfully request the
15  opportunity to do so.
16          MR. ALDERMAN:  Your Honor, Myles Alderman for
17  Nextgear.  First of all, Nextgear has an unpaid balance on
18  the loans of 26,000-dollars, so we have a claim for 26,000
19  in addition to the other claims.  If we're into treble
20  damages, we're well over 75,000.  Plus, as you probably
21  notice, the claim includes an allegation of battery which
22  we think would be -- we think it's baseless but if there
23  is a claim for battery, that could be a pretty significant
24  number.
25          Before we spent too much time, I just wanted the

1  Court to be aware that the controlling promissory note has
2  an arbitration provision that requires arbitration and
3  that there is a jurisdiction venue provision that requires
4  the borrower to commence all actions in Indiana.  So we
5  were going to ask the Court to find it has jurisdiction
6  but, frankly, once the Court rules on jurisdiction, the
7  following motion was going to be a motion to stay or
8  dismiss for arbitration in accordance with the contract.
9              THE COURT:  All right.  Well, I don't think I
10 can consider a counterclaim when coming up with a
11 jurisdictional amount, but that does give some, some
12 specificity to the amount of the, you know, collateral
13 that was, that was repossessed.
14             MR. ALDERMAN:  Well, I just want to be clear,
15 that's the shortfall.  That's not the total amount of the
16 collateral that was taken.  The 26 is what's left over
17 after crediting the collateral.
18             THE COURT:  Oh, I see.  Okay, all right.
19             MR. ZYKO:  Your Honor, none of that was put in
20 the, in the removal papers, and it was just --
21             THE COURT:  Right, right.  But he doesn't --
22             MR. ALDERMAN:  -- it was just the bold statement
23 that it exceeded the 75,000, and I believe that you're
24 correct that you can't consider the counterclaim.
25             THE COURT:  Right, but was the value -- are you

1  going to take the position that the value of the cars
2  taken was a total of less than 25,000-dollars?
3              MR. ZYKO:  I don't know the value of the cars
4  taken.  I just don't know.
5              THE COURT:  Okay, well --
6              THE DEFENDANT:  I'd have to have them appraised
7  or I'd have to see what they sold for.  We haven't
8  received any correspondence looking for more money, so I
9  mean I don't know.  I would have thought that we would
10 have gotten something like that but I don't know what the
11 value of those cars was the day they were taken.
12             THE COURT:  Okay.  Well, as set forth in your
13 brief, what I have to do is determine whether it appears
14 to a reasonable probability that the claim is in excess of
15 75,000-dollars, and for the reasons that I've stated, it
16 certainly appears to me that there's a reasonable
17 probability that the claim is in excess of 75,000-dollars.
18             What Courts sometimes do in these circumstances
19 is say if you're willing to stipulate that the plaintiff
20 will not accept more than 75,000-dollars then, no matter
21 what the judgment of the state court is, then in those
22 circumstances there's not jurisdiction.  But, otherwise,
23 the allegations of the complaint are -- in my view, very,
24 very clearly set forth a claim of more than 75,000-dollars
25 once you consider treble damages, consequential damages,

1     punitive damages, emotional distress damages, attorney's
2     fees.  You know, the claim here is way, way, way higher
3     than 75,000.  So I think I have subject matter
4     jurisdiction.
5            So I'm going to, I'm going to go ahead and deny
6     the motion to remand.  Subject matter jurisdiction can be
7     raised at any time, so if you come in and you can
8     demonstrate that there is no subject matter jurisdiction,
9     obviously we can take this up again, but I think frankly
10    it's going to be a waste of time.
11           MR. ZYKO:  Your Honor, if I might, again, I
12    reiterate, being as we are on the record, I do reiterate
13    my request to provide written response to points that
14    you're making.
15           Secondly, you're turning, and again
16    respectfully, you're turning the law on its head.  The
17    defendant has the absolute duty, it's clearcut, has the
18    absolute duty to prove to the Court that that's the case
19    and what you're doing again, respectfully, is speculating.
20    The defendants think the claim is worth zero.  The only
21    thing that the plaintiffs point to them is, obviously from
22    my brother says, a matter of a counterclaim, which may or
23    may not be worth anything, I don't know.
24           THE COURT:  But it's not, it's not -- the issue
25    is not what do they subjectively believe the claim is

1  worth.  They can believe that it's a worthless claim but
2  the claim can still be a claim in excess of the statutory
3  jurisdictional amount.
4              MR. ZYKO:  No, again, if you give me an
5  opportunity to provide the Court a short brief, won't be
6  more than a few pages, addressing the issues, the points
7  that you're making --
8              THE COURT:  You can file whatever you'd like by
9  way of a motion for reconsideration or whatever.  I was
10 trying to save everybody the trouble of briefing because I
11 think this is an obvious ruling, but feel free to file
12 whatever you'd like.
13             MR. ZYKO:  Well, I'd prefer to file it before
14 you enter a decision because when you get about the area
15 of motions for reconsideration, those have their own rules
16 too, and so -- and I think that, again, respectfully, I
17 think you're going in a wrong direction.
18             THE COURT:  Well, okay, you know, file what you
19 want to file.  I'll hold my ruling.  I respectfully think
20 you're wrong.  I'll bet I've had 500 motions to remand, I
21 think I know what I'm doing.  And there have been some
22 close ones but this is not one of those.  But feel free to
23 file whatever you'd like.
24             MR. ZYKO:  Your Honor, I will file something
25 within seven days, within a week.  If you would hold it

1    for two weeks I'd appreciate it.
2               THE COURT:  Okay, that's fine.  Do you want to
3    respond to the suggestion that this case basically has an
4    arbitration requirement?
5               MR. ZYKO:  Not at this stage, Your Honor.
6               THE COURT:  Okay.  All right.
7               MR. ALDERMAN:  Your Honor, Myles Alderman here.
8    Based on, and obviously I read the complaint the way you
9    do on the jurisdictional issue, I assume you're not
10   expecting a pleading from us at this point but I would ask
11   if issues are raised that you believe requires a response,
12   that at that time I be afforded the opportunity to respond
13   to whatever he files, because I don't know what he's going
14   to file.  It's hard for me to imagine that there are
15   issues that need illumination but I'd like to reserve the
16   right that something could also up that I haven't
17   anticipated.
18               THE COURT:  That's fine.
19               MR. ALDERMAN:  Your Honor, on the issue of the
20   arbitration clause, I was hoping we were going to have
21   this resolved today so jurisdiction would be clear and we
22   could just ask the Court to address the arbitration issue.
23   Will the court -- is there any reason for us to hold off
24   on a motion related to the arbitration clause given
25   there's an open issue or --

```
 1              THE COURT:  No, you can file that.  If I rule
 2   that I don't have jurisdiction, it would go back to the
 3   state court along with the rest of the file.
 4              MR. ALDERMAN:  Okay, well, okay.  Thank you,
 5   Your Honor.
 6              THE COURT:  Sure.  All righty.  Anything else we
 7   can usefully do today?
 8              MR. ZYKO:  From not from my point of view, Your
 9   Honor.
10              THE COURT:  Okay, thank you both.
11              (Whereupon the above matter was adjourned at 4:20
12   o'clock, p. m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

     I, Susan E. Catucci, RMR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ Susan E. Catucci
_____

Susan E. Catucci, RMR
Official Court Reporter
915 Lafayette Boulevard
Bridgeport, Connecticut  06604
Tel: (917) 703-0761