UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____.
|
STEVEN AUTO, LLC and                        |
SHIQIR BEQIRI,                              |         Case No. 3:15-cv-01190-SRU
          Plaintiffs                        |
vs.                                         |
                                            |
NEXTGEAR CAPITAL, INC. and                  |
DUSTIN E. WILKINSON                         |         October 13, 2015
          Defendants                        |
_____ |

## MOTION TO DISMISS CASE FOR IMPROPER VENUE

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, the defendants

NextGear Capital, Inc. and Dustin E. Wilkinson hereby move this Court to dismiss the

above captioned case for improper venue because the parties have agreed by written

contract that any and all claims to be brought by the Plaintiffs related to the  Demand

Promissory Note and Loan and Security Agreement shall be brought in Indiana.  In

support of this motion the Movants are submitting herewith the Memorandum of Law in

Support of Defendants' Motion to Dismiss Case for Improper Venue.

**DEFENDANTS**
**NEXTGEAR, CAPITAL, INC.  and**
**DUSTIN E. WILKINSON,**

By_____
Myles H. Alderman, Jr. of
ALDERMAN & ALDERMAN, LLC
185 Asylum Street
Hartford, CT 06103
Fed. Bar #CT01207
Phone:  860 249-0090
Fax:      860-969-0615
myles.alderman@alderman.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____.

|
STEVEN AUTO, LLC and                   |
SHIQIR BEQIRI,                         |          Case No. 3:15-cv-01190-SRU
        Plaintiffs           |
|
vs.                                    |
|
NEXTGEAR CAPITAL, INC. and             |
DUSTIN E. WILKINSON                    |          October 13, 2015
        Defendants           |
_____       |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS CASE FOR IMPROPER VENUE**

     The defendants, NextGear Capital, Inc. ("NextGear") and Dustin E. Wilkinson

("Wilkinson") (Collectively the "Defendants"), by and through their undersigned counsel,

hereby submit this memorandum of law in support of the Motion to Dismiss Case for

Improper Venue filed this date.


**I.  SUMMARY OF ARGUMENT.**

     The Claims asserted in the Complaint filed by the Plaintiffs, are related to the

floor plan financing relationship between NextGear and Plaintiffs, including but not

limited to allegations regarding Plaintiffs' default on that relationship and NextGear's

actions to secure its collateral post-default.  The relationship between the parties is

controlled by the Demand Promissory Note and Loan and Security Agreement (the

"Note").  The parties expressly agreed in the Note that any and all claims that the

Plaintfiffs might allege against the Defendants related to the Note would be brought in

Indiana and that Indian law would apply.  Further in May of 2014, the Defendant

NextGear commenced legal action against the Plaintiffs in the  Indiana courts alleging

breach of contract under the Note and that case was still pending when the Plaintiffs

first filed the complaint by which the above captioned case was commenced in the

Superior Court for the State of Connecticut.   Thus, this case should be dismissed

pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.


## II.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Steven Auto, LLC ("Steven Auto") and Shiqir Beqiri ("Beqiri") commenced a civil

action against the defendants by filing the Complaint in the Superior Court for the State

of Connecticut at Waterbury on June 29, 2015.[1]  On August 5, 2015, the Defendants

filed a Notice of Removal to this Court (Doc. Id. No. 1).  The Plaintiffs filed their Motion

to Remand on August 10, 2015 (Doc. Id. No. 10) and the Court denied that motion.

In their Complaint, the Plaintiffs assert claims related to actions allegedly taken

by the Defendants in the process of repossessing vehicles that were collateral for floor

plan financing from NextGear to Steven Auto, LLC.

While the Plaintiffs attached a police report that they claimed support their

allegation of battery[2] they did not attach a copy of the contract that they allege the

Defendants breached, nor did they disclose that they had been made parties to a case

commenced against them by NextGear more than a year prior to their complaint.

---

[1] Wilkinson was never properly served with the Complaint.  However, he learned of it from NextGear and on or about July 27, 2015 they retained the undersigned counsel.

[2] The  Police report that was attached to  the Complaint to support the allegation of battery, does not contain anything to support the allegation, but to the contrary contains the following officer's statement: "Both parties who were interviewed separately stated no physical violence or threats of physical violence occurred as a result and I found no evidence to believe otherwise."   On August 6, 2015, Defendants' Counsel wrote to Plaintiffs' counsel pointing out the contradictions between the police report and the Complaint and offered Plaintiff's counsel an opportunity to remove the unsupported allegations of battery.  As of this date the Plaintiffs have not amended their Complaint.

The Note was signed by Beqiri both in his capacity as the authorized member of borrower Steven Auto and in his individual capacity as guarantor on April 26, 2013.[3] The Note, as well as the individual personal guaranty executed by Beqiri, each are "Loan Documents."[4]

Paragraph 21 of the Note provides that:

*. . . Borrower submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, and agrees that any and all claims or disputes pertaining to this Note or any other Loan Document, or to any matter arising out of or related to this Note or any other Loan Document, initiated by Borrower against Lender, shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana.*

Also critically, the Personal Guaranty signed by Beqiri contained a choice of law provision and forum selection provision that required the parties to litigate all disputes related to the Guaranty in Indiana and pursuant to Indiana law.

NextGear has not waived its rights under the Loan Documents, nor has it consented to any legal action against it by the Plaintiffs in any venue other than Marion County or Hamilton County in the state of Indiana.[5]  In fact, after a dispute arose over the parties' financial arrangement, NextGear filed litigation in Indiana against both Steven Auto, LLC and Shiqir Beqiri on or about May 2, 2014, which lawsuit is captioned NextGear Capital, Inc. v. Steven Auto, LLC and Shaqir Beqiri, and was assigned Cause No. 29D03-1405-CC-4142 (Hamilton County, Indiana).[6]  Beqiri was served in that Indiana litigation.

---

[3] A true accurate copy of the Note is attached to the affidavit of Greg Hidbrader as Exhibit A.
[4] A true and accurate copy of the Guaranty is attached to the affidavit of Greg Hidbrader as Exhibit B.
[5] See Affidavit of Hidbrader, ¶ 6.
[6] A copy of the complaint in the Indiana lawsuit is attached to the Hidbrader affidavit as Exhibit C; see also Hidbrader affidavit at ¶ 7.

The claims Steven Auto, LLC and Shaqir Beqiri have raised against NextGear in Connecticut all arise out of their contractual relationship with NextGear and, therefore, are subject to the exclusive Indiana forum selection provision.  Furthermore, the Indiana litigation was filed first and Steven Auto, LLC and Shaqir Beqiri can pursue their claims in that pending Indiana litigation.

III. **LEGAL ARGUMENT**

<u>Pursuant To The Venue Selection Agreement Between The Parties And Rule 12(b)(3) Of The Federal Rules Of Civil Procedure The Case Should Be Dismissed For Improper Venue.</u>

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure an action may be dismissed for improper venue.  A motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure is a defense pleaded in the first responsive pleading or made by motion filed by a defendant.[7] When a defendant challenges proper venue, the plaintiff bears the burden of establishing that venue is proper.[8] The court need not accept the pleadings as true, but instead may consider outside evidence.[9]  If venue is found to be not proper in the judicial district, the court may dismiss the action.[10]

---

[7] *Douglas v. D.B. Va., LLC*, No. 4:10CV80, 2010 WL 5572830, at *2–3 (E.D.Va. Dec. 13, 2010).
[8] *Id.* at 3 (citations omitted).
[9] *Id. But See, Silo Point II LLC v. Suffolk Const. Co*, 578 F.Supp.2d 807, 809 (D.Md.2008),  holding that, the Court must still draw all inferences in favor of the plaintiff..
[10] *Douglas*, 2010 WL 5572830, at *3, (Holding court may dismiss or transfer the action to a district where it otherwise could have been brought in the interest of justice).

Further, it is firmly established in Indiana that forum selection clauses in contracts are enforceable.[11]  Choice of venue clauses, such as the one included in the Loan Documents, are enforceable in Indiana.[12]

In the case at hand, the Plaintiffs agreed that:

that any and all claims or disputes pertaining to this Note or any other Loan Document, or to any matter arising out of or related to this Note or any other Loan Document, initiated by Borrower against Lender, shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana.[13]

The above captioned case contains claims and disputes pertaining to the Note and/or other Loan Documents and/or to matters arising out of or related to the Note. Plaintiffs, the Borrower and its managing member who also signed the Note as guarantor, have asserted claims related to the Lender's declaration of a default under the Loan Documents, as well as the Lender's steps to secure its collateral post-default.

Having agreed to Marion and Hamilton Counties in the state of Indiana as the only proper venues for the commencement of an action by the Plaintiffs against NextGear and having received actual notice of the lawsuit by NextGear against them, the Plaintiffs inexplicably filed their Complaint against the Defendants in the Superior Court for the State of Connecticut in Waterbury. Pursuant to the plain language of the Loan Documents, Indiana law will govern the dispute between the parties, no matter where the case is heard.  Even if the plain language of the Loan Documents did not

---

[11]   Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., Inc., 596 N.E.2d 248, 252 (Ind.Ct.App. 1992) (holding contractual provisions that seek to limit the litigation of future action to particular courts or places are enforceable); Dexter Axle Co. v. Baan USA, Inc., 833 N.E.2d 43, 51 (Ind.Ct.App. 2005) (affirming trial court's dismissal of all claims pursuant to applicable forum selection provision); Carmeuse Lime & Stone v. Illini State Trucking, Inc., 986 N.E.2d 271, 279-80 (Ind.Ct.App.2013) (affirming dismissal of complaint because enforceable forum selection clause precluded the court from hearing those claims).
[12]   Farm Bureau General Ins. Co. v. Sloman, 871 N.E.2d 324 (Ind.Ct.App. 2007); Adsit Co., Inc. v. Gustin, 874 N.E.2d 1018 (Ind.Ct.App. 2007); Carmeuse, supra at 276-77; Dexter, supra at 48.
[13] See affidavit of Hidbrader.

make Indiana the only proper venue, the judicial economy would be best served by having the claims between the parties all heard in the earlier-filed Indiana litigation.

Pursuant to the plain meaning of the venue selection provision of the Note, Connecticut is an improper venue for the Plaintiff's claims against the Defendants. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.


**CONCLUSION**

WHEREFORE, Defendants NextGear Capital, Inc. and Dustin Wilkinson respectfully request that the Court grant this Motion and dismiss Plaintiff's Complaint against NextGear and Wilkinson in its entirety pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because Connecticut is not the proper venue in light of the Plaintiffs' agreement to only bring the claims asserted  in the Complaint  against NextGear in Marion County or Hamilton County, Indiana, where litigation has been pending since May of 2014.


**DEFENDANTS**
**NEXTGEAR, CAPITAL, INC.  and**
**DUSTIN E. WILKINSON,**

By____S/ CT01207_____
Myles H. Alderman, Jr. of
ALDERMAN & ALDERMAN, LLC
185 Asylum Street
Hartford, CT 06103
Fed. Bar #CT01207
Phone:  860 249-0090
Fax:      860-969-0615
Myles.alderman@alderman.com