UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (New Haven)

STEVEN AUTO LLC, and
SHAQIR BEQIRI

       Plaintiffs,
v.                                CIVIL ACTION NO.:  3:15-cv-01190-SRU

NEXTGEAR CAPITAL, INC., and
DUSTIN E WILKINSON,

       Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION
TO DISMISS**

Eddi Z. Zyko, Esq.
Attorney for Plaintiff
Fed. Bar No. CT-14172
120 Fern Road
Middlebury CT 06762
Tel No. 203-758-8119
Fax No. 203-598-7994
E-mail: eddizyko@me.com

**Preliminary Statement**

Plaintiff commenced this action in the Superior Court for the State of Connecticut these defendants. The complaint contains five causes of action: (1) Breach of Contract; (2) Breach of the Contract's Implied Covenant of Good Faith and Fair Dealing; (3) Misrepresentation; (4) Statutory Theft; and (5) Battery. The complaint does not set forth any specific dollar claim for damages, as specific dollar amounts are not set forth in Connecticut civil complaints. See Conn. Gen. Stat. § 52-91; Practice Book § 10-20; *McLoughlin v. People's United Bank, Inc.*, 586 F.Supp.2d 70, 72-73 (D. Conn. 2008) (. . . [T]he Connecticut Rules of Practice do not require a specific demand, but rather only a statement that the amount in controversy is sufficient to confer jurisdiction. . . ."),

The action was removed to this Court and the Court denied a motion to remand. Now, defendants purport to seek dismissal for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). Such a motion is improper. In accordance with *Atlantic Marine Construction Company v. U.S. District Court for Western District of Texas*, 134 S.Ct. 568, 577, 579 (2013), a forum selection clause is properly enforced through section 1404(a) of Title 28 of the United States Code, and not Rule 12(b)(3). See also *Starkey v. G Adventures, Inc.*, 2015 WL 4664237 (2d Cir. August 7, 2015). Further, under the law of this Circuit, the Court must determine whether the forum selection clause is mandatory or permissive, and, if mandatory, whether the clause to be unreasonable or unfair under the circumstances. See, e.g., *Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505 (2d Cir. 1998); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F.Supp.2d 222, 242 (D. Conn. 2001). Finally, if the clause is enforced the procedure is to transfer

--
1

the action to the district set forth in the clause. See, *Atlantic Marine*;

*United States v. Safeco Ins. Co. of Am.*, CASE NO. 3:14-cv-1017 (VAB) (D. Conn. 2015).

## Statement of Facts

The relevant facts are set forth in the accompanying declaration of Plaintiff.

## Discussion

A. <u>Forum Selection Clause</u>

As the Second Circuit explained in *Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014), although the interpretation of a forum selection clause is governed by state law set forth in the agreement, contrary to the defendants' argument, whether the clause is enforceable is determined by federal law. In determining whether a forum selection clause is enforceable, the questions are

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any . . . dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. . . . If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. . . . A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*id*. at 217; see also *Starkey*; *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-384(2d Cir.2007).

These authorities are totally ignored by the defendants. Instead they cite cases outside of this Circuit and district which were decided before the Supreme Court's decision in *Atlantic Marine Construction Company*. Quite frankly, counsel should know about leading Supreme

--
2

Court decisions and it would appear that counsel is deliberately misleading the Court and his actions are sanctionable.

In any event, as the moving papers set forth, the forum selection clause is hidden in paragraph 24 of the note and guaranty. There is no claim that it was "reasonably communicated" to the Plaintiffs and Plaintiffs deny that it was so communicated. *Cf. United States v. Safeco Ins. Co.*, CASE NO. 3:14-cv-1017 (VAB) (D. Conn. July 16, 2015), p. 14, citing *Gasland Petroleum, Inc. v. Firestream Worldwide, Inc.*, 2015 WL 2074501, at *5 (collecting cases finding that a forum selection clause is reasonably communicated if the language is clear, appears on the face of the contract, and the parties signed it).

To the extent that the construction of the agreement must be determined by Indiana law, it is noted that Indiana courts look to whether the clause is "freely negotiated" to determine whether the clause was reasonably communicated. See *Farm Bureau Gen. Ins. Co. of Mich. v. Sloman*, 871 N.E.2d 324, 329 (Ind. App. 2007) (refusing to enforce clause in insurance contract); *cf. Adsit Co., Inc. v. Gustin*, 874 N.E.2d 1018, 1023 (Ind. App. 2007) (paragraph that contains the forum selection clause "is bolded and in all capital letters" thus party had "reasonable notice of and manifested assent" to it). Further, in this case, the suit is predicated, at least in part, on the grounds of fraud.

Moreover, it would appear that the clause does not contain sufficient language to make it mandatory. See *Salis v. Am. Expert Lines,* 331 F. App'x 811, 813-14 (2d Cir. 2009) ("Whether a forum selection clause is mandatory depends on its language, and generally courts will not enforce a clause that specifies only jurisdiction in a designated court without any language

indicating that the specified jurisdiction is exclusive"; finding that use of the term "shall be referred to and decided by" rendered the clause mandatory and, thus, enforceable), cited in *Safeco Ins*.

To the extent that the mandatory v. permissive nature is to be determined by Indiana law, the clause must be viewed as permissive. In Indiana a mandatory forum-selection clause is "one that contains clear language showing that jurisdiction is appropriate only in the designated forum." *Duggan O'Rourke, Inc. v. Intelligent Office Sys., LLC*, 2012 WL 4057215, at *2 (S.D. Ind. Sept. 14, 2012). "Clauses that do not contain mandatory language are only permissive and not enforceable." *Heckler & Koch, Inc. v. German Sport Guns GmbH,* 2014 WL 7366578, at *47 (S.D. Ind. Dec. 24, 2014).

In *Heckler & Koch*, argument was made that the use of the term "shall," as here, made the clause mandatory. Rejecting that argument, the Court said, "[T]he use of the word 'shall' in forum-selection clauses is no shibboleth . . . . " Rather, such a clause is not mandatory "in the absence of any language manifesting the parties' intent to rule out other jurisdictions. . . ." See also *Parker v. Hostetler*, 2008 WL 346007 (N.D. Ind. Feb. 6, 2008)

Finally, the statutory theft and battery causes of action are not encompassed within the clause.

In sum, at the very least, there are issues of fact that would require a hearing had the proper motion been made. See *Evolution Online Sys*., 145 F.3d at 551.

B. <u>Remedy Would Be Transfer in Any Event</u>

Controlling authority refutes the notion that the action may be dismissed if the forum selection clause be deemed valid. *Atlantic Marine* makes it quite plain that the action is subject to transfer, not dismissal. See also *Safeco.*

## Conclusion

For the reasons stated, the motion to dismiss should be denied in all respects.

Dated: November 13, 2015

Respectfully submitted,

/s/ Eddi Z. Zyko, Esq.
Attorney for Plaintiff
Fed. Bar No. CT-14172
120 Fern Road
Middlebury CT 06762
Tel No. 203-758-8119
Fax No. 203-598-7994
E-mail: eddizyko@me.com
