UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN AUTO, LLC and<br>SHIQIR BEQIRI,<br>　　　Plaintiffs<br>vs.<br><br>NEXTGEAR CAPITAL, INC. and<br>DUSTIN E. WILKINSON<br>　　　Defendants | Case No. 3:15-cv-01190-SRU<br><br><br><br>DECEMBER 15, 2015 |

**DEFENDANTS' REPLY BRIEF AND MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS AMENDED MOTION TO DISMISS**

　　The defendants, NextGear Capital, Inc. ("NextGear") and Dustin E. Wilkinson ("Wilkinson") (Collectively the "Defendants"), by and through their undersigned counsel, hereby submit this memorandum of law in response to the Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss (Doc. Id. No. 23.1) and in support of the Amended Motion to Dismiss Case.

**I. SUMMARY OF ARGUMENT**

　　The Claims asserted in the Complaint filed by the Plaintiffs are related to the floor plan financing relationship between NextGear and Plaintiffs, including but not limited to, allegations of breach of contract and breach of implied covenant of good faith and fair dealing under that contract and alleged conduct by NextGear to secure its collateral post-default. The contract between the parties is evidenced by a Demand Promissory Note and Loan and Security Agreement (the "Note"). The Note contains a forum selection clause that mandates that any and all claims or disputes

1

pertaining to this Note or related to this Note, initiated by the Plaintiffs against NextGear, shall be brought in the state and federal in Indiana. The Note further provides that Indiana law will control. In May of 2014, NextGear commenced legal action against the Plaintiffs in state court in Indiana seeking, *inter alia*, money damages based on the Plaintiffs breach of contract (the "Indiana Case"). The Indiana Case is still pending. The above captioned case was commenced by the Plaintiffs the following summer.

Accordingly, the above captioned case should be dismissed pursuant to the *forum non conveniens* doctrine and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Assuming *arguendo*, that dismissal is not appropriate, the above captioned case should be transferred to the U. S. District Court for the District of Southern Indiana pursuant to 28 USC § 1404(a).[1]

## II.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The relevant facts were previously set forth in the memorandum of law filed in support of the Motion to Dismiss (Doc. Id. No. 17).

## III.  LEGAL ARGUMENT

A.  <u>*Atlantic Marine* Does Not Preclude Dismissing A Case For Violation of A Valid  Forum Selection Clause</u>

The Defendants initially moved to have the above captioned case dismissed Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper

---

[1] Such a transfer is less efficient than dismissal because it would result in this case pending in the District Court for the Southern District of Indiana while the Indiana Case is still pending in state court.

venue. The Plaintiffs objected to that motion alleging that following the 2013 decision of *Atlantic Marine Construction Company, Inc., Petitioner v. United States District Court For The Western District of Texas, et al*,[2] "a forum selection clause is properly enforced through section 1404(a) of Title 28 of the United State Code, and not Rule 12(b)(3)." For the reasons more fully discussed below, the Defendants respectfully submit that dismissal is still appropriate in cases commenced in violation of a valid forum selection clause and that the above captioned case can, and should, be dismissed pursuant to Rule 12(b)(6) and/or the *forum non conveniens* doctrine.[3]

The Plaintiffs argue that "if [a forum selection] clause is enforced[sic] the procedure is to transfer the action set forth in the clause" citing both *Atlantic Marine* and *United States v. Safeco Ins. Co. of Am.*[4]

In *United States v. Safeco*, the case was commenced in the U.S. District Court for the District of Connecticut. However, the contract in dispute contained a forum selection clause that designated the Eastern District of Virginia as the proper venue for disputes between the parties. The District Court inquired as to whether the forum selection clause required the matter to be transferred to the District Court for the Eastern District of Virginia. Safeco "argued that it was not seeking transfer of the case per the forum selection clause under Rule 12, as Rule 12 was not the proper

---

[2] 134 S.Ct. 568 (2013),
[3] While Defendants' counsel believes that the plaintiffs' proposed application of *Atlantic Marine* is too broad, the undersigned does not dispute that that case is relevant. As the attorney who signed and filed the motion to dismiss and the supporting memorandum of law, the undersigned accepts responsibility for those pleadings and apologizes for the oversight. After investigation, the undersigned believes that no one involved in the researching or drafting of the pleadings for the Defendants intentionally withheld reference to any case believed to be controlling or did anything else to intentionally mislead the undersigned, opposing counsel or the court.
[4] Plaintiff's brief citing *Atlantic Marin* and *United States v Safeco Ins. Co. of Am.*, Case No. 3:14-CV-1017 VAB (D.Conn. 2015.).

3

procedural mechanism for doing so."[5]  The Court held that the proper procedural mechanism for a transfer from one district to another, after *Atlantic Marine* is to seek enforcement under 28 U.S.C § 1404(a).  The court did not hold that dismissal would not be appropriate under facts that would be similar to the case at hand. *United States. v. Safeco* is clearly distinguishable from the case at hand where both parties first commenced their actions in state courts and the first filed case is still pending in Indiana state court.[6]

The Plaintiffs argue that after *Atlantic Marine* "a forum selection clause is properly enforced through 1404(a) of Title 28 of the United States Code, and not Rule 12(b)(3)."  Implying (if not stating) that the Supreme Court ruled that 1404(a) is the only proper way to enforce a forum selection clause.  That is simply inaccurate.

The Supreme Court expressly recognized the right to enforce a forum selection clause pursuant to the doctrine of *forum non conveniens* and further expressly stated that it was NOT ruling on whether an forum selection clause could be enforced by a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[7]

   B.   The Above Captioned Case Should Be Dismissed Pursuant To The Doctrine of *Forum Non Conveniens*

After the Supreme Court decided *Atlantic Marine,* the Second Circuit heard the case of *Martinez v. Bloomberg,* in which the District Court for the Southern

---

[5] *United States v. Safeco*, at 6.
[6] The Defendants have not briefed the cases supporting dismissal pursuant to the first-filed doctrine because the Indiana case was not filed in, or removed to, a District Court and the Second Circuit has limited the application of the first-filed doctrine to two cases filed in federal courts. See  *Employers. Ins. v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)).  See also *Humble Surgical Hosp, LLC v. Aetna Life Ins. Co.*, Case No. 3:13-cv-01903-VLB (D.Conn. 2014).
[7] *Atlantic Marine,*  134 S. Ct. at 580.

4

District of New York had relied upon Rule 12(b)(3) to dismiss a case commenced in violation of a forum selection clause. In *Martinez v. Bloomberg,* the Second Circuit held that after Atlantic Marine, it could not rely upon Rule 12(b)(3) to dismiss a case, but that it could rely upon the doctrine of *forum non conveniens* to evaluate the underlying considerations and affirm the dismissal that had based upon Rule 12(b)(3).[8] In *Martinez v Bloomberg*, the Second circuit observed that the Supreme Court had said in *Atlantic Marine* that "generally the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens,* rather than Rule 12(b)."[9] The Second Circuit went on to hold that "This clarification of the proper procedural vehicle for enforcing a forum selection clause, however, does not appear to alter the materials on which a district court may rely in granting a motion to dismiss based on a forum selection clause."[10]

Accordingly, the doctrine of *forum non conveniens* applies to cases in which a party commences an action in violation of a valid forum selection clause.

A party resisting the enforcement of a forum selection clause to which they agreed has a high burden of proof. In *Martinez v. Bloomberg*, the Second Circuit set forth the four-part analysis: The first three parts were described as follows:

> (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is "mandatory or permissive, i.e., ... whether the parties are required to bring any 5 dispute to the designated forum or simply *permitted* to do so"; and (3)

---

[8] *Martinez v Bloomberg*, 740 F.3d, 211 (2nd Cir., 2014).
[9] *Id.* at 216. *See also, Starkey v. G Adventures, Inc.* 796 F.3d 193, 196 (2nd Cir., 2015) stating that, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." (*quoting Atlaniic Marine,* 134 S. Ct. at 580.). In the case at hand, it is mandatory that the case be held in Indiana but it is permissible that it be in either state court or federal court in Indiana.
[10] *Martinez v Bloomberg*, 740 F.3d at 216.

> "whether the claims and parties involved in the suit are subject to the forum selection clause."[11]

The Second Circuit further instructs that if the first three questions are answered in the affirmative, then "A party can overcome this presumption only by (4) "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." [12]

In the case at hand the Plaintiffs are a limited liability company that borrowed money from the corporate defendant and an individual who was at all relevant times the sole member of that limited liability company and also the personal guarantor of the Note. The Plaintiffs signed the Note containing the forum selection clause. The forum selection clause was communicated in writing in plain and unambiguous language. Accordingly, the forum selection clause was reasonably communicated to the party resisting enforcement. The forum selection clause mandates that any legal action to be brought against NextGear by the plaintiffs must be commenced in Indiana. The claims alleged include, *inter alia,* breach of contract, breach of implied covenant of good faith and fair dealing and misrepresentation, by the Plaintiffs against NextGear and its employee for conduct related to the Note. Accordingly, the claims and parties involved in the suit are subject to the forum selection clause.

Because the forum clause was clearly communicated in the Note signed by the resisting party, contains mandatory language and covers the claims and parties involved in the dispute, it is presumptively enforceable. Accordingly, the Plaintiffs can only overcome this presumption by making a sufficiently strong showing that

---

[11] *Id. Citing Phillips*, 494 F.3d at 383. *See* also, *F5 Capital v. RBS Sec. Inc., No. 3*:14-CV-1469 (VLB), 2015 WL 5797019, at *8 (D. Conn. Sept. 30, 2015).
[12] *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

In an apparent attempt to make some semblance of a showing that the enforcement of the forum selection clause would be unreasonable or unjust or the result of fraud or overreaching, the Plaintiffs allege that the clause was "hidden in paragraph 24 of the note and guaranty" and that "[t]here is no claim that it was 'reasonably communicated' to the Plaintiffs." To support this allegation, the Plaintiffs submit an unsworn "Declaration" in which Mr. Bequiri states "In any event, the forum selection clause should not be enforced. I was not aware of that clause, which is hidden in the documentation and was never brought to my attention. . . ."

By contrast, the defendants have submitted a sworn affidavit from an employee of Nextgear who is not himself a party to this action and that affidavit includes true and accurate copies the Note signed by Mr. Beqiri on behalf of Steven Auto, LLC as its member.

The Note contains twenty-nine numbered paragraphs. Each numbered paragraph contained a short description in ALL CAPITALS. Paragraph 21 reads:

JURISDICTION AND VENUE. As evidenced by Borrower's signature below, Borrower submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, and agrees that any and all claims or disputes pertaining to this Note or any other Loan Document, or to any matter arising out of or related to this Note or any other Loan Document, initiated by Borrower against Lender, shall be brought in the state or federal courts of Marion County or Hamilton County, Indiana. . . .[13]

In his individual capacity, Mr Bequiri signed under the following text:

"GUARANTORS ACKNOWLEDGE AND CONSENT TO FOREGOING."

---

[13] Note at paragraph 21.

7

The Plaintiffs have not, and cannot, make a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the forum selection clause was invalid for such reasons as fraud or overreaching

Accordingly, the above captioned case should be dismissed pursuant to the doctrine of *forum non conveniens*.

### C. The Above Captioned Case Should Be Dismissed For Failure to State A Claim Pursuant to Rule 12(b)(6).

Prior to *Atlantic Marine* the Second Circuit had refused to pigeon-hole forum selection clause enforcement claims into a particular clause of Rule 12(b).[14] The Second Circuit had affirmed judgments that enforced forum selection clauses, by dismissing cases for lack of subject matter jurisdiction under Rule 12(b)(1),[15] by dismissing cases for improper venue under Rule 12(b)(3),[16] and by dismissing cases for failure to state a claim under Rule 12(b)(6).[17]

In an *amicus curiae* brief submitted in *Atlantic Marine*, Professor Stephen Sachs of Duke University noted that a forum selection clause may be asserted as a special defense in an answer or before an answer is filed *via* a Rule 12(b)(6) motion.[18] In addressing Prof. Sachs' argument, the Supreme Court noted that the issue had not been raised or briefed by the parties and wrote: "Even if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change

---

[14] See *Asoma Corporation v. SK Shipping,* 467 F.3d 817, 822 (2nd Cir., 2006).
[15] See *AVC Nederland B.V. v. Atrium Inv. P'ship,* 740 F.2d 148, 152 (2d Cir., 1984).
[16] See *Phillips,* 494 F.3d at 382.
[17] See *Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.,* 145 F.3d 505, 508 n. 6 (2d Cir.1998). *See also, TradeComet.com LLC v. Google, Inc.,* 647 F.3d 472, 475 (2d Cir. 2011).
[18] *Atl. Marine Constr. Co.* 134 S. Ct. at 580

8

our conclusions that §1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that §1404(a) ***and the forum non conveniens doctrine provide appropriate enforcement mechanisms.***"[19]

Accordingly, *Atlantic Marine* does not hold that this court lacks authority to dismiss a case brought in violation of a forum selection clause *via* a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

In the case at hand the Plaintiffs each signed loan documents that contained a mandatory forum selection clause. The forum selection clause was communicated in writing in plain and unambiguous language. The Plaintiffs contractually agreed to litigate in Indiana and waived their right to litigate in Connecticut.

Accordingly, the complaint in the above captioned case should be dismissed for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).

D.  <u>Assuming *Arguendo* That The Case Is Not Dismissed, It Should Be Transferred To District Court For Southern District of Indiana Pursuant to §1404(a).</u>

Should the Court decline to dismiss the above captioned case, the case should be transferred to the United States District Court for the Southern District of Indiana pursuant to the mandatory forum selection clause of the Note pursuant to 28 U.S.C . §1404(a).[20]

---

[19] *Id.* (emphasis added).
[20] Such a transfer would be less efficient than a dismissal because it would result in this case pending in the District Court for the Southern District of Indiana while the Indian Case was still pending in state court.

## IV. CONCLUSION

The above captioned case should be dismissed because the Plaitiffs waived their right to bring an action in Connecticut when they signed the Note and borrowed funds based upon loan documents that contained a clear an unambiguous mandatory forum selection clause. Accordingly, the above captioned case should be dismissed pursuant to the doctrine of *forum non conveniens* and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Assuming, *arguendo,* that this case need not be dismissed, in the alternative, the above captioned case it should be transferred to the United States District Court for the Southern District of Indiana in accordance with the forum selection clause.

**DEFENDANTS**
**NEXTGEAR, CAPITAL, INC.**
**and**
**DUSTIN E. WILKINSON,**

By   S/ CT01207
Myles H. Alderman, Jr. of
Alderman & Alderman, LLC
185 Asylum Street
Hartford, CT 06103
Fed. Bar #CT01207
Phone:  860 249-0090
Fax:     860-969-0615
myles.alderman@alderman.com